1 | RUGGERI PARKS WEINBERG LLP
2 | James P. Ruggeri
  | Will comply with LR IA 11-2 within 14 days.
  | Joshua P. Mayer
3 | Will comply with LR IA 11-2 within 14 days.
  | 1875 K Street NW, Suite 600
4 | Washington, DC 20006
  | Telephone:    (202) 469-7766
5 | Facsimile:    (202) 984-1401
  | E-Mail: jruggeri@ruggerilaw.com
6 | E-Mail: jmayer@ruggerilaw.com

KAEMPFER CROWELL
Louis M. Bubala III, No. 8974
50 W. Liberty Street, Suite 700
Reno, Nevada 89501
Telephone:    (775) 852-3900
Facsimile:    (775) 327-2011
E-Mail: lbubala@kcnvlaw.com

KAEMPFER CROWELL
Brittney A. Lehtinen, No. 15949
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone:    (702)792-7000
Facsimile:    (702)7967181
E-Mail: blehtinen@kcnvlaw.com

*Attorneys for Defendant Sentinel Insurance Company, Limited*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

AFFINITY LIFESTYLES.COM, INC., REAL
WATER, INC., and REAL WATER OF
TENNESSEE, LLC

Debtor.

UNITED NATURAL FOODS WEST, INC. and
UNITED NATURAL FOODS, INC.,

Plaintiffs,

vs.

REAL WATER, INC., AFFINITY
LIFESTYLES.COM, INC., REAL WATER OF
TENNESSEE, LLC, SENTINEL INSURANCE
COMPANY, LIMITED, GREAT AMERICAN
INSURANCE GROUP, PEERLESS
INDEMNITY INSURANCE COMPANY,
WEST AMERICAN INSURANCE
COMPANY, and OHIO SECURITY
INSURANCE COMPANY,

Defendants.

Case No. 21-14099-nmc
Chapter 7

Substantively Consolidated with:
Case No. 21-14101-nmc
Case No. 21-14102-nmc
Chapter 7

Adversary Procedure No. 23-01106-nmc

**SENTINEL INSURANCE COMPANY,
LIMITED'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION
AND INSUFFICIENT SERVICE OF
PROCESS**

Hon. Natalie M. Cox

Hearing Date:
Hearing Time:

Defendant Sentinel Insurance Company, Limited, a Connecticut company ("Sentinel"), by

and through its undersigned counsel, moves to dismiss the claims against it in the Complaint for

Declaratory Relief filed June 23, 2023 in this matter by Plaintiffs United Natural Foods West, Inc.

- 1 -

and United Natural Foods, Inc. (collectively, "UNFI" or "Plaintiffs") for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and insufficient service of process under Fed. R. Civ. P. 12(b)(5), made applicable by Fed. R. Bank. P. 7012(b).  Sentinel files this motion on the same day it filed its motion to withdraw the reference of this adversary proceeding with this Court, in accordance with LR 5011.

## ENTRY OF FINAL ORDER OR JUDGEMENT

In accordance with Fed. R. Bankr. P. 7012(b), Sentinel does not consent to the entry of final orders and judgments by the bankruptcy court.  In accordance with LR 7012, Sentinel also does not consent to the entry of final orders and judgments by the bankruptcy judge if it is determined that the bankruptcy judge cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## INTRODUCTION

This adversary proceeding involves an insurance dispute in which non-debtor UNFI seeks coverage for defense and indemnity costs incurred in connection with certain lawsuits against UNFI and/or one or more of the debtors, including Affinitylifestyles.com, Inc. ("Affinity") and Real Water, Inc. ("RWI"), alleging injuries resulting from bottled drinking water products (the "Underlying Actions").  The Underlying Actions allege that Affinity, RWI, and/or UNFI distributed bottles of water that allegedly caused injuries to consumers.  None of the consumers in the Underlying Actions alleges that Real Water of Tennessee, LLC ("RWT") (the only debtor that Sentinel actually insured) manufactured, distributed, or is in any way liable for the bottles of water that allegedly caused injuries.

Sentinel issued certain liability insurance policies to RWT at RWT's address at 530 Church Street, Suite 305, Nashville, Tennessee, 37219 (the "Sentinel Policies," as identified below):

Sentinel Policy No. 20 SBA RB6712 SA (12/31/2014 – 12/31/2015)

Sentinel Policy No. 20 SBA RB6712 SA (12/31/2015 – 12/31/2016)

Sentinel Policy No. 20 SBA RB6712 SA (12/31/2016 – 12/31/2017)

Sentinel Policy No. 20 SBA RB6712 SA (12/31/2017 – 12/31/2018)

Sentinel Policy No. 20 SBA RB6712 SA (12/31/2018 – 12/31/2019)

Sentinel Policy No. 20 SBA RB6712 SA (12/31/2019 – 2/20/2020)[1]

The Sentinel Policies do not identify any other named insured entities besides RWT and do not identify any insured property or locations in Nevada.

For the reasons set forth below, Sentinel brings this Motion to Dismiss on the grounds that: (i) this Court has no personal jurisdiction over Sentinel with respect to the claims against Sentinel in UNFI's Complaint; and (ii) UNFI failed to timely effect service of the Summons and Complaint on Sentinel.

## ARGUMENT

### I.    This Court Lacks Personal Jurisdiction Over Sentinel

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  In resolving a motion to dismiss for lack of personal jurisdiction, a court need not assume contradicted factual allegations as true. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).  "A plaintiff may not simply rest on the 'bare allegations of [the] complaint.'" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the trial court sits applies.  *See Core–Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1484 (9th Cir. 1993).  As a consequence, the Trustee must show (1) that Nevada's long-arm statute confers personal jurisdiction over Sentinel and (2) that the exercise of jurisdiction comports with the constitutional principles of due process.  *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).  Nevada's long-arm statute permits the exercise of jurisdiction to the same extent as the United States Constitution.  *See* NRS 14.065. Hence, a court "need only determine whether personal jurisdiction in this case would meet the

---

[1] Policy No. 20 SBA RB6712 SA had an original policy period of 12/31/2019 to 12/31/2020, but was cancelled pro rata effective 2/20/2020.

requirements of due process." *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989).

Due process requires "that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Washington, Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945), *quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940).  For a court to exercise jurisdiction over a defendant, there must be either general jurisdiction or specific jurisdiction.  *See In re Nat'l Audit Def. Network*, 332 B.R. 896, 903 (Bankr. D. Nev. 2005).  The United States Supreme Court's recent decision in *Mallory v. Norfolk Southern Railway Co.*, 143 S. Ct. 2028 (2023), does not change the analysis here.  In *Mallory,* a Pennsylvania statute required a defendant corporation to identify an "office" that it would "continuously maintain" in Pennsylvania, 143 S. Ct. at 2037, and the Court found that by doing so, the defendant waived its right to challenge personal jurisdiction.  *See id.* at 2046 ("Norfolk Southern apparently deemed registration worthwhile and opted in.") (Jackson, J., concurring).  Here, Nevada has no such statutory requirement, and Sentinel had no such obligation to maintain and did not maintain any such registered office in Nevada.

"[A] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017), *quoting Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

The Ninth Circuit employs a three-part test to determine whether the defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction.  *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  A court may assert specific jurisdiction if: (1) the defendant purposefully availed itself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directs conduct at the forum that has effects in the forum; (2) the claim arises out of the defendant's forum-related activities; and

(3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. *Id.* In this case, this Court has neither specific nor general jurisdiction over Sentinel.

### A.    Sentinel is Not Subject to General Jurisdiction Because Sentinel Does Not Have Systematic and Continuous Contacts with Nevada.

General jurisdiction exists if the defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Fields v. Sedgwick Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). "The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence." *Brody Enters. v. MTS Partners, Inc.*, No. 2:11-cv-00489-GMN-LRL, 2011 WL 2517029, at *2 (D. Nev. June 23, 2011). Factors to be considered in the analysis include "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id.* Courts may also look to whether the defendant "owns property, keeps bank accounts, [or] has employees" in the state. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124 (9th Cir. 2002).

None of the factors listed above are present here. In order for a contact to be "systematic and continuous," there first needs to be a contact. Sentinel did not form in Nevada, nor does it have a place of business in Nevada. UNFI's Complaint does not allege that Sentinel had any systematic or continuous contacts with Nevada. Because Sentinel has no contacts with Nevada that are systematic or continuous, there is no basis for this Court to exercise general jurisdiction over Sentinel.

### B.    This Court Lacks Specific Jurisdiction.

Specific jurisdiction exists only under certain circumstances. The Ninth Circuit applies a three-part test to determine whether courts may, consistent with due process, exercise specific jurisdiction over a non-resident defendant:

(1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully

avails himself of the privilege of conducting activities in the

forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the

defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and

substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (applying

principles derived from *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

If the plaintiff does not satisfy either of the first two prongs, there is no personal

jurisdiction. *Id.* If the plaintiff meets the first two prongs, the burden shifts to the defendant to

show that the exercise of jurisdiction would be unreasonable. *Id.*

UNFI fails on all three of these criteria. UNFI's Complaint does not allege that Sentinel

purposefully availed itself of conducting activities in Nevada, nor that the claims against Sentinel

arise out of any of Sentinel's forum-related activities. Nor could it do so. Sentinel issued each of

its policies to RWT in Tennessee through an out-of-state broker with no connections to Nevada.

The most UNFI can allege is that Sentinel's rights and obligations under the policies it issued to

RWT were "modified" by this Court's December 2, 2021 Order Granting Motion For Substantive

Consolidation *Nunc Pro Tunc* As Of The Petition Date Pursuant to 11 U.S.C. § 105(a) (ECF No.

99) (the "Consolidation Order"), *In re: AFFINITYLIFESTYLES.COM, INC.*, No. BK-S-21-

14099-NMC (Bankr. D. Nev.). Consequently, UNFI contends that, as a result of the

Consolidation Order, all of the Underlying Actions must be deemed to allege injury caused by

"collective acts and omissions" of all of the Debtors, including RWT. *See, e.g.*, Complaint for

Declaratory Relief ¶¶ 118, 123 (June 23, 2023) (ECF No. 1). But that misstates both the import

of this Court's Consolidation Order and the minimum contacts analysis. The Consolidation Order

provides that the assets of one debtor can be used to satisfy the liabilities of another, but it does

not change the nature of underlying tort suits directed to certain (but not all) of the debtors. The

Consolidation Order, in other words, does not convert the Underlying Actions into cases against

RWT.  Nor does it convert the allegations of wrongful conduct in the Underlying Actions into allegations against RWT.

But even if UNFI were correct, it would not create jurisdiction here.  The minimum contacts analysis turns on whether *Sentinel*—the party against whom UNFI is seeking relief—has purposefully availed itself of Nevada as the forum state.  And here, there is no question that it has not, where Sentinel issued policies to an out-of-state company (RWT), that were negotiated, brokered and delivered outside the state of Nevada, and that were issued to cover risks outside the state of Nevada.  UNFI's allegations[2] cannot create contacts between Sentinel and Nevada that never existed under the Sentinel Policies issued to RWT in Tennessee.

Sentinel did not purposefully avail itself of the laws of Nevada in connection with any of the policies that Sentinel issued to RWT in Tennessee.  Even if UNFI could somehow demonstrate prongs one and two of *Burger King*, the exercise of jurisdiction over Sentinel would violate traditional notions of justice.  Sentinel is a Connecticut corporation and did no business in Nevada that relates to any of UNFI's causes of action.  It would be fundamentally unfair to hail Sentinel into Nevada to litigate where it did no business giving rise to UNFI's claims, including that it did not issue the subject Sentinel Policies in Nevada nor to any Nevada insured.

## II.    UNFI Failed to Timely Effect Service on Sentinel

UNFI's Complaint against Sentinel should be dismissed for the additional reason that UNFI filed to timely effect service of the summons and Complaint on Sentinel.  "Rule 7004 sets forth the procedure for serving a summons in an adversary proceeding." *In re Hillyer*, No. 2:20-AP-01041-BTB, 2021 WL 1202417, at *2 (B.A.P. 9th Cir. Mar. 30, 2021).  Rule 7004(e) provides that, among other specified types of service, service made on a corporation under Civil Rule 4(h)(1) "shall be by delivery of the summons and complaint within 7 days after the summons is issued." Fed. R. Bankr. P. 7004(e).  The summons in this case was issued June 26, 2023, and service on Sentinel under Fed. R. Civ. P. 4(h)(1), made applicable by Fed. R. Bankr. P. 7004(a)(1), was therefore due to be completed by July 3, 2023.  UNFI only served the summons

---

[2] Sentinel denies that it has any coverage obligations for liabilities acquired by RWT after the end of the Sentinel policy period, by the Consolidation Order or otherwise.

and complaint on Sentinel's registered agent, CT Corporation Service, via personal service on July 10, 2023. *See* Summons Service Executed on Sentinel Insurance Company, Limited (July 12, 2023) (ECF No. 8). Because Sentinel was not served with the summons and complaint within 7 days after the summons was issued in accordance with Rule 7004(e), service of process on Sentinel was insufficient, and UNFI's Complaint and all claims against Sentinel should be dismissed.

## CONCLUSION

For the reasons set forth above, Sentinel respectfully requests that the Court dismiss the claims against Sentinel in this action.

Dated: Wednesday, August 9, 2023            RUGGERI PARKS WEINBERG LLP

By:  */s/ James P. Ruggeri*
     James P. Ruggeri
     Will comply with LR IA 11-2 within 14 days.
     Joshua P. Mayer
     Will comply with LR IA 11-2 within 14 days.

Dated: Wednesday, August 9, 2023            KAEMPFER CROWELL

By:  */s/ Louis M. Bubala III*
     Louis M. Bubala III
     Brittney A. Lehtinen

     *Attorneys for Defendant*
     *Sentinel Insurance Company, Limited*