NVB 5011 (Rev. 5/16)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: <br><br> AFFINITYLIFESTYLES.COM, INC. , <br>                         Debtor(s) | BK−21−14099−nmc <br> CHAPTER 7 <br><br> Adversary Proceeding:      23−01106−nmc |
| UNITED NATURAL FOODS WEST, INC. <br> UNITED NATURAL FOODS, INC., <br>                         Plaintiff(s) <br><br> vs <br><br> REAL WATER, INC. <br> AFFINITYLIFESTYLES.COM, INC. <br> REAL WATER OF TENNESSEE, LLC <br> SENTINEL INSURANCE COMPANY, LIMITED <br> GREAT AMERICAN INSURANCE GROUP <br> PEERLESS INDEMNITY INSURANCE COMPANY <br> WEST AMERICAN INSURANCE COMPANY <br> OHIO SECURITY INSURANCE COMPANY <br>                         Defendant(s) | AMENDED TRANSMITTAL OF <br> MOTION OF WITHDRAWAL OF <br> THE REFERENCE |
| SENTINEL INSURANCE COMPANY LIMITED, A <br> CONNECTICUT COMPANY <br>                         Movant(s) <br><br> vs <br><br> to be determined <br>                         Respondent(s) | |

To:    U.S. District Court
         Lloyd D. George U.S. Courthouse,
         333 Las Vegas Boulevard South,
         Las Vegas, NV 89101

Withdrawal of Reference Filed in the Same Bankruptcy Case        23−cv−00756−GMN
or in a Related ADV Case

Movant(s) and Respondent(s) are to file all matters relating to the Motion to Withdraw the Reference with the Clerk of the District Court. All documents relating to other matters in this case shall continue to be filed with the Clerk of the Bankruptcy Court.

Dated: 8/11/23

*Mary A Schott*

Mary A. Schott
Clerk of Court

| | |
|---|---|
| RUGGERI PARKS WEINBERG LLP<br>James P. Ruggeri<br>Will comply with LR IA 11-2 within 14 days.<br>Joshua P. Mayer<br>Will comply with LR IA 11-2 within 14 days.<br>1875 K Street NW, Suite 600<br>Washington, DC 20006<br>Telephone:    (202) 469-7766<br>Facsimile:     (202) 984-1401<br>E-Mail: jruggeri@ruggerilaw.com<br>E-Mail: jmayer@ruggerilaw.com | KAEMPFER CROWELL<br>Louis M. Bubala III, No. 8974<br>50 W. Liberty Street, Suite 700<br>Reno, Nevada 89501<br>Telephone:   (775) 852-3900<br>Facsimile:    (775) 327-2011<br>E-Mail: lbubala@kcnvlaw.com<br><br>KAEMPFER CROWELL<br>Brittney A. Lehtinen, No. 15949<br>1980 Festival Plaza Drive, Suite 650<br>Las Vegas, Nevada 89135<br>Telephone:   (702)792-7000<br>Facsimile:    (702)7967181<br>E-Mail: blehtinen@kcnvlaw.com |

*Attorneys for Defendant Sentinel Insurance Company, Limited*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>AFFINITY LIFESTYLES.COM, INC., REAL WATER, INC., and REAL WATER OF TENNESSEE, LLC<br><br>Debtor.<br><br>UNITED NATURAL FOODS WEST, INC. and UNITED NATURAL FOODS, INC.,<br><br>Plaintiffs,<br>vs.<br><br>REAL WATER, INC., AFFINITY LIFESTYLES.COM, INC., REAL WATER OF TENNESSEE, LLC, SENTINEL INSURANCE COMPANY, LIMITED, GREAT AMERICAN INSURANCE GROUP, PEERLESS INDEMNITY INSURANCE COMPANY, WEST AMERICAN INSURANCE COMPANY, and OHIO SECURITY INSURANCE COMPANY,<br><br>Defendants. | Case No. 21-14099-nmc<br>Chapter 7<br><br>Substantively Consolidated with:<br>Case No. 21-14101-nmc<br>Case No. 21-14102-nmc<br>Chapter 7<br><br>Adversary Procedure No. 23-01106-nmc<br><br>**SENTINEL INSURANCE COMPANY, LIMITED'S MOTION TO WITHDRAW THE REFERENCE OF ADVERSARY PROCEEDING**<br><br>**RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE** |

Defendant Sentinel Insurance Company, Limited, a Connecticut company ("Sentinel"), by and through its undersigned counsel, files this motion (the "Motion") pursuant to 28 U.S.C. § 157(d), Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule

5011 requesting that the United States District Court withdraw the reference of this Adversary Proceeding filed June 23, 2023 by Plaintiffs United Natural Foods West, Inc. and United Natural Foods, Inc. (collectively, "UNFI" or "Plaintiffs") to the United States Bankruptcy Court for the District of Nevada.  This Adversary Proceeding is a non-core proceeding, and the parties have demanded, or will demand, a jury trial and Sentinel will not consent to allow the Bankruptcy Court to conduct the jury trial.  Concerns of efficiency and forum shopping further dictate that this Court should grant the Motion.[1]

### **INTRODUCTION**

This Adversary Proceeding involves an insurance dispute in which non-debtor UNFI seeks coverage for defense and indemnity costs incurred in connection with certain lawsuits against UNFI and/or one or more of the debtors, including Affinitylifestyles.com, Inc. ("Affinity") and  Real Water, Inc. ("RWI"), alleging injuries resulting from bottled drinking water products (the "Underlying Actions").  The Underlying Actions allege that Affinity, RWI, and/or UNFI distributed bottles of water that allegedly caused injuries to consumers.  None of the consumers in the Underlying Actions alleges that Real Water of Tennessee, LLC ("RWT") (the only debtor that Sentinel actually insured) manufactured, distributed, or is in any way liable for the bottles of water that allegedly caused injuries.

Sentinel issued certain liability insurance policies to RWT at RWT's address at 530 Church Street, Suite 305, Nashville, Tennessee, 37219 (the "Sentinel Policies," as identified below):

Sentinel Policy No. 20 SBA RB6712 SA (12/31/2014 – 12/31/2015)
Sentinel Policy No. 20 SBA RB6712 SA (12/31/2015 – 12/31/2016)
Sentinel Policy No. 20 SBA RB6712 SA (12/31/2016 – 12/31/2017)
Sentinel Policy No. 20 SBA RB6712 SA (12/31/2017 – 12/31/2018)
Sentinel Policy No. 20 SBA RB6712 SA (12/31/2018 – 12/31/2019)

---

[1] Concurrent with this filing, Sentinel is filing a motion in the bankruptcy court to dismiss the adversary proceeding with respect to Sentinel for lack of personal jurisdiction.  By filing this motion, Sentinel is not waiving its objections to personal jurisdiction in Nevada.

Sentinel Policy No. 20 SBA RB6712 SA (12/31/2019 – 2/20/2020)[2]

By way of its Adversary Complaint, UNFI asks the Bankruptcy Court to make findings regarding the extent of coverage pursuant to numerous insurance policies issued by multiple insurance companies. These are classic non-core state law claims, which the Bankruptcy Court has neither the statutory nor the constitutional authority to finally adjudicate. Therefore, Sentinel brings this Motion seeking to have this Adversary Proceeding withdrawn to the United States District Court for further proceedings.

## ARGUMENT

### I. Legal Standard for Permissive Withdrawal Under 28 U.S.C. § 157(d)

Pursuant to 28 U.S.C. § 1334(a), "the district courts of the United States have original and exclusive jurisdiction over all cases under title 11." However, a district court may withdraw the reference to a bankruptcy court "for cause shown." 28 U.S.C. § 157(d). Because a bankruptcy court acquires jurisdiction only by reference from a district court, a district court may permissively withdraw a proceeding from a bankruptcy court, in whole or in part, "for cause shown" pursuant to 28 U.S.C. § 157(d). *Rosenberg v. Harvey A. Bookstein,* 479 B.R. 584, 587 (D. Nev. 2012). While the statute does not define "cause" for purposes of permissive withdrawal, courts in this Circuit consider various factors to determine whether "cause" has been shown, including: (1) whether the proceeding is core or non-core, (2) which forum serves the interests of judicial economy and convenience, (3) which forum promotes the uniformity and efficiency of bankruptcy administration, (4) which forum prevents forum shopping and confusion, and (5) whether the parties are entitled to a jury trial and have requested one. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir. 1993)); *Vacation Vill., Inc. v. Clark Cnty., Nev,* 497 F.3d 902, 914 (9th Cir. 2007) (citing *In re Canter,* 299 F.3d 1150, 1154 (9th Cir. 2002)). In this case, these factors point exclusively in favor of withdrawing the reference and returning this case to the District Court.

---

[2] Policy No. 20 SBA RB6712 SA had an original policy period of 12/31/2019 to 12/31/2020, but was cancelled pro rata effective 2/20/2020.

**II.     The Court Should Withdraw the Reference With Regard to this Non-Core Adversary Proceeding**

Cause exists for withdrawing the reference from the Bankruptcy Court for this Adversary Proceeding, pursuant to 28 U.S.C. § 157(d) because several of the relevant considerations favor withdrawal, while none weigh against it. First, this case is not a core bankruptcy proceeding and the Bankruptcy Court therefore lacks constitutional authority to enter final judgment on UNFI's claims. Second, Sentinel has a right to a jury trial on UNFI's claims and will not consent to a jury trial in the Bankruptcy Court. Third, as the resolution of this Adversary Proceeding requires no application or interpretation of bankruptcy law and in fact involves complex insurance coverage disputes, the interest of judicial economy counsels in favor of litigating this action in the District Court. There are no interests, in contrast, in maintaining the reference of this state law dispute to the Bankruptcy Court.

**A.     Withdrawal of the reference is appropriate in this case because this is a non-core proceeding and the Bankruptcy Court lacks the authority to issue a final order resolving the issues in this Adversary Proceeding.**

The jurisdiction of bankruptcy courts to resolve non-bankruptcy matters is limited. Bankruptcy courts are not Article III courts. They "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11" and "may enter appropriate orders and judgments" on those proceedings. 28 U.S.C. § 157(b)(1). In contrast, when presiding over non-core proceedings, bankruptcy judges may only "submit proposed findings of fact and conclusions of law" to the district court, which reviews such findings and conclusions *de novo*. 28 U.S.C. § 157(c)(1).

Section 157(b)(2) of Title 28 of the United States Code enumerates a non-exhaustive list of core proceedings:

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated

personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

  (C) counterclaims by the estate against persons filing claims against the estate;

  (D) orders in respect to obtaining credit;

  (E) orders to turn over property of the estate;

  (F) proceedings to determine, avoid, or recover preferences;

  (G) motions to terminate, annul, or modify the automatic stay;

  (H) proceedings to determine, avoid, or recover fraudulent conveyances;

  (I) determinations as to the dischargeability of particular debts;

  (J) objections to discharges;

  (K) determinations of the validity, extent, or priority of liens;

  (L) confirmations of plans;

  (M) orders approving the use or lease of property, including the use of cash collateral;

  (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

  (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

  (P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

28 U.S.C. § 157(b)(2).

  UNFI does not even attempt to show how the Adversary Proceeding, which is a dispute over insurance coverage, fits into one or more of the sixteen (16) enumerated categories of core proceedings. UNFI simply asserts that the Adversary Proceeding asks the Bankruptcy Court to interpret its own December 2, 2021 Order Granting Motion For Substantive Consolidation *Nunc Pro Tunc* As Of The Petition Date Pursuant to 11 U.S.C. § 105(a) (ECF No. 99) (the "Consolidation Order"), *In re: AFFINITYLIFESTYLES.COM, INC.*, No. BK-S-21-14099-NMC (Bankr. D. Nev.). From there, UNFI contends that the Adversary Proceeding is a core proceeding because it "affects the extent of UNFI's claim against the estate and its rights under insurance

- 5 -

policies that constitute property of the estate." Adversary Complaint ¶¶ 19-20. However, as set forth below, even if that statement is true, it does not mean that the Adversary Proceeding invokes the core jurisdiction of the Bankruptcy Court. On the contrary, courts in this Circuit have routinely recognized that coverage matters are non-core even when they involve policies that are estate property. *See BCE W., L.P.,* No. 06-0325-PHX-JAT, 2006 WL 8422206, at *8 (D. Ariz. Sept. 20, 2006) ("[T]he Ninth Circuit has clearly held that an insurance coverage dispute is a non-core proceeding.") (citing *In re Daewoo Motor Am., Inc.*, 302 B.R. 308, 312-13 (C.D. Cal. 2003)). Here, of course, matters are even further removed; UNFI seeks declarations not concerning Sentinel's alleged obligations to the debtors, but to UNFI, a non-debtor. There can be no question that the claims asserted against Sentinel are the type of issues that are, at most, "related to" the chapter 11 cases, and therefore outside the Bankruptcy Court's core jurisdiction.

The Supreme Court in *Stern v. Marshall*, 564 U.S. 462 (2011), held that a core proceeding is one where "the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Id.* at 499. This distinction between core and non-core proceedings prevents bankruptcy courts from entering final judgments on claims that seek only to "augment" the bankruptcy estate. *Id*. at 495. Thus, when a bankruptcy judge determines that a referred proceeding is not a core proceeding, but is only "related to" a case under title 11, the judge may only "submit proposed findings of fact and conclusions of law to the district court." *Id*. at 475 (quoting 28 U.S.C. § 157(c)(1)). "The question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Id*. at 499; *see also In re Rhodes Cos., LLC*, No. 2:12-CV-01272-MMD, 2012 WL 5456084, at *3 (D. Nev. Nov. 7, 2012) (relying on *Stern* for proposition that "bankruptcy courts cannot make a final judgment on a cause of action traditionally within the judicial power of an Article III Court").

These claims could have been filed in a non-bankruptcy forum completely apart from and prior to the Debtors' bankruptcy filing. *See Beard v. Braunstein*, 914 F.2d 434, 445 (3d Cir. 1990) (holding that an action involving pre-petition contracts that were breached both before and after the filing of the petition was "entirely a non-core matter related to a case arising under title

- 6 -

11"); *Matter of Del. & Hudson Ry. Co.,* 122 B.R. 887, 894 (D. Del. 1991) (concluding that the adversary proceeding was non-core and subject to permissive withdrawal because the "state law claims at issue . . . existed prior to and independent of the filing of the instant bankruptcy"). Indeed, the claims cannot be core claims that only arise under or in a case under title 11, because they seek to establish rights and obligations of non-debtors. There can be no question that these state law claims are non-core.

As UNFI's claims are non-core, the Bankruptcy Court lacks the authority to enter final judgments on those claims. The Bankruptcy Court can only submit proposed findings of fact and conclusions of law to this District Court, which would then be required to review such findings and conclusions *de novo*, an unnecessary and inefficient process. See *Diocese of Duluth v. Liberty Mut. Grp. (In re Diocese of Duluth)*, Civ. No. 17-549, 2017 WL 3037412 (D. Minn. July 18, 2017) (concluding that efficiency would be promoted by the district court withdrawing the reference to the bankruptcy court in the case of an insurance coverage dispute related to Diocesan abuse); *Hatzel & Buehler, Inc. v. Orange & Rockland Utils., Inc.,* 107 B.R. 34, 40 (D. Del. 1989) (concluding that permissive withdrawal was appropriate in light of considerations of judicial economy because the adversary proceeding was non-core and subject to *de novo* review). There is no reason to waste valuable judicial resources litigating this non-core Adversary Proceeding twice.

**B.    Permissive withdrawal is appropriate in this case because Sentinel is entitled to a jury trial and will not consent to one in the Bankruptcy Court.**

Sentinel's jury trial right with respect to this non-core insurance coverage dispute similarly supports withdrawal. *See In re Cinematronics, Inc.,* 916 F.2d 1444, 1451 (9th Cir. 1990) ("[B]ankruptcy courts cannot conduct jury trials on noncore matters, where the parties have not consented."). Here, Sentinel is entitled to a jury trial on UNFI's claims because they require a determination of contractual rights to insurance coverage, and Sentinel does not expect to waive that right. The Bankruptcy Court, however, may not hold such a jury trial for two independent reasons.

First, the Bankruptcy Court is not permitted to hold a jury trial on non-core claims. *See* 28 U.S.C. § 157(c); *Beard*, 914 F.2d at 443 (stating that the Seventh Amendment ban on *de novo* review of any fact found by a jury is incompatible with 28 U.S.C. § 157(c)(1) and concluding that "a bankruptcy court cannot conduct a jury trial in a non-core proceeding"). Second, even if UNFI's claims were core—which they are not—a jury trial would still not be possible absent express consent of all parties and special designation by the district court. See 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."); *NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.),* 203 B.R. 905, 908 (D. Del. 1996). Since Sentinel intends to exercise its right to a trial by jury, withdrawal of the reference with respect to the Adversary Proceeding is both appropriate and necessary here.

**C.    Permissive withdrawal is appropriate in this case in the interests of judicial economy and efficiency.**

Withdrawal of the reference is also appropriate, particularly at this juncture, because this Adversary Proceeding does not draw on the expertise or familiarity of the Bankruptcy Court. The Adversary Proceeding is newly-filed. No answers or counter-claims have been filed. No discovery has been taken, and there has been no substantive motion practice. Thus, the withdrawal of the reference now will not result in any duplication of effort. Moreover, the Bankruptcy Court has not yet gained extensive factual knowledge associated with the Adversary Proceeding that would render it better situated to preside over the insurance coverage claims. Nor will the Adversary Proceeding require any specialized bankruptcy knowledge to resolve, as it turns on state law contract claims regarding the scope of the respective rights and obligations, if any, of Sentinel and UNFI under the Sentinel Policies. *See In re G-I Holdings, Inc.*, 295 B.R. 211, 217-18 (D.N.J. 2002) ("Because this proceeding entails exclusively state law claims against a nondebtor, it is in the Court's best interest to adjudicate the nonbankruptcy dispute once, while the Bankruptcy Court continues to administer the chapter 11 reorganization and conduct other common bankruptcy proceedings."); *see also Baxter v. Sherb & Co., LLP (In re Money Ctrs. of*

*Am., Inc.)*, 579 B.R. 710, 715 (S.D.N.Y. 2016) ("[I]t is a waste of judicial resources for a court of specialized bankruptcy knowledge to administer a case that does not require application of that knowledge."). The Bankruptcy Court should continue to focus on the reorganization case, not state law coverage disputes.

### D. Withdrawal of the Reference Facilitates Efficient Administration of the Chapter 11 Cases

Finally, withdrawal of the reference here will promote, not interfere with, the efficient and consistent administration of the chapter 11 cases. The claims that UNFI has asserted against Sentinel involve state law contract questions that are separate from issues relating to the matters necessary to administer the debtors' estates. Withdrawing the reference with respect to disputes between non-debtors enhances the Bankruptcy Court's ability to direct attention towards the administration of the bankruptcy cases. This Court should reach the same conclusion here with respect to the non-debtor disputes in this Adversary Proceeding.

### CONCLUSION

For the reasons set forth above, Sentinel respectfully requests that this Court grant the motion to withdraw the reference for this Adversary Proceeding.

Dated: Wednesday, August 9, 2023         RUGGERI PARKS WEINBERG LLP

James P. Ruggeri
Will comply with LR IA 11-2 within 14 days.
Joshua P. Mayer
Will comply with LR IA 11-2 within 14 days.

Dated: Wednesday, August 9, 2023         KAEMPFER CROWELL

By: */s/Louis M. Bubala III*

Louis M. Bubala III
Brittney A. Lehtinen

*Attorneys for Defendant*
*Sentinel Insurance Company, Limited*

- 9 -